87 P.3d 930

J. Wayne COURTNEY, Plaintiff–
Appellant,

v.

BIG O TIRES, INC., a Nevada corpora-
tion; Tbc Corporation, Big "O", a corpo-
ration; Terry's Inc. Big O Tires, an Ida-
ho corporation; Continental General
Tire, Inc., an Ohio corporation, Defen-
dants–Respondents.

No. 28797.

Supreme Court of Idaho,
Twin Falls, November 2003 Term.

Dec. 23, 2003.

Rehearing Denied April 6, 2004.

Thomas D. Kershaw, Jr., Twin Falls, for appellant. Thomas D. Kershaw, Jr., argued.

Cantrill, Skinner, Sullivan & King, Boise, for respondent Big O Tires, Inc. Clinton O. Casey argued.

Brassey, Wetherell, Crawford & McCurdy, Boise, for respondent Continental General Tire, Inc. Robert T. Wetherell argued.

EISMANN, Justice.

This is an appeal by the plaintiff challenging a jury instruction providing that if the jury found that certain evidence had been deliberately or negligently lost by one of the defendants, the jury could infer that the evidence was unfavorable to that defendant. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

In 1991, the plaintiff-appellant Wayne Courtney purchased four new tires in Twin Falls, Idaho, from defendant-respondent Terry's Big O Tires (Terry's), a local franchisee of the defendant-respondent Big O Tires, Inc. (Big O Tires). Terry's installed the tires on Mr. Courtney's GMC Suburban. The defendant-respondent Continental General Tire, Inc., (Continental) manufactured the tires.

In June 1998, Mr. Courtney had another Big O Tires store in Twin Falls rotate and inspect the tires. One week later he drove the Suburban from Twin Falls to Sacramento, California, while pulling an eighteen-foot trailer so that he could help his daughter move. After packing her belongings into the trailer, Mr. Courtney drove to Burns, Oregon, accompanied by his daughter who was driving her car.

While driving through Oregon, Mr. Courtney stopped three times because he felt the Suburban vibrating. He inspected the tires each time, but did not see anything wrong. As he continued driving, the Suburban's left front tire shook violently three times and then blew out, causing the Suburban to veer off the road into a ditch.

Mr. Courtney placed the blown-out tire in the Suburban and had the vehicle towed to Burns, where it was repaired. Once he returned to Twin Falls, he took the tire to Terry's, who gave him a replacement tire and then shipped the blown-out tire to a Big O Tires warehouse in Boise, where it was lost.

On April 30, 1999, Mr. Courtney filed this action against Terry's, Big O Tires, and Continental seeking to recover damages based upon the theories of strict liability, breach of implied and express warranties, breach of contract, and negligence. On September 18, 2001, Mr. Courtney moved for partial summary judgment seeking to have liability established based upon the loss of the blown-out tire. The district court denied the motion. The case was tried to a jury, who returned a special verdict finding no liability on any of the theories alleged in the complaint. Mr. Courtney then filed this appeal.

## II. ISSUES ON APPEAL

A. Did the district court err in denying the motion for partial summary judgment?

B. Did the district court commit reversible error when instructing the jury on the spoliation of evidence?

C. Is Big O Tires, Inc., entitled to an award of attorney fees on appeal?

## III. ANALYSIS

### A. Did the District Court Err in Denying the Motion for Partial Summary Judgment?

■ Mr. Courtney asks us to overturn the district court's denial of his motion for partial summary judgment. An order denying a motion for summary judgment is neither a final order that can be directly appealed nor is it an order that can be reviewed on an appeal from a final judgment in the action. *Hunter v. State, Dept. of Corrections,* 138 Idaho 44, 57 P.3d 755 (2002). Therefore, we will not consider this issue.

### B. Did the District Court Commit Reversible Error When Instructing the Jury on the Spoliation of Evidence?

The Quality Assurance Representative at the Big O Tires Service Center in Boise explained the loss of the tire. The Big O Tires warranty covers tires that are damaged by road hazards and tires that fail due to manufacturing defects. When a customer returns a damaged tire to the dealer, the dealer replaces the tire. If the tire's failure caused either property damage or personal injury, the tire is categorized as a "product liability" tire. That categorization is based solely upon the consequences of the tire failure, not its perceived cause. The dealer is to retain the tire and fax a product liability incident report to the Service Center. It then notifies the tire manufacturer, who has the tire shipped directly from the dealer to the manufacturer. If the tire's failure did not cause either property damage or personal injury, it is categorized as a "road hazard" tire. The dealer completes a New Tire Adjustment Claim Form and sets the tire aside for shipment to the Service Center. The common carrier who delivers new tires to the dealer picks up those tires and delivers them to the Service Center. Once they are delivered at the Service Center, the Quality Assurance Representative sorts them by dealer and inspects them to determine if the defect was a road hazard. The dealer is then given an appropriate credit, and the tires are stacked against a wall. A scrap dealer periodically comes to the Service Center, picks up those tires, and destroys them. During the summer, about 700 to 800 tires are returned to the Service Center each week.

After Mr. Courtney returned the tire at issue in this case to Terry's, it was sent to the Service Center. When the Quality Assurance Representative was sorting the tires by store, he noticed that the claim form accompanying this tire indicated that there had been body damage to the vehicle. He therefore set the tire aside because the existence of body damage put the tire in the "product liability" category. He placed the tire against the wall next to his office door for shipment back to Terry's. He went on vacation the next day, and when he returned the tire was gone. He assumed that someone from the Shipping and Receiving Department had included it with a shipment of new tires to Terry's. When he learned that did not happen, he assumed that the scrap dealer must have taken it. The scrap dealer came to the Service Center the day the Quality Assurance Representative was on vacation, and this tire was leaning against a wall about fifty to sixty feet from the other tires that the scrap dealer was to remove. The scrap dealer picked up about 500 tires on that day.

■ The district court instructed the jury regarding the loss of the tire as follows:

The tire at issue in this case has been lost. Therefore, you must first determine whether reasonable explanation for the loss of the tire has been presented by Defendant Big–O Tires, Inc. If you determine that the loss of the tire was deliberately or negligently brought about by the actions of Defendant Big O Tires, Inc., you may infer that the tire was unfavorable to their position.

Mr. Courtney contends that the above jury instruction was in error because it should have instructed the jury that he was entitled to a presumption, not an inference.

In *Bromley v. Garey,* 132 Idaho 807, 812, 979 P.2d 1165, 1170 (1999) (citations omitted), we stated that the evidentiary doctrine of spoliation of evidence was as follows:

The evidentiary doctrine of spoliation recognizes it is unlikely that a party will destroy favorable evidence. Thus, the doctrine of spoliation provides that when a party with a duty to preserve evidence intentionally destroys it, an inference arises that the destroyed evidence was unfavorable to that party. Spoliation is a rule of evidence applicable at the discretion of the trial court.

The doctrine was not applied in *Bromley*, however, because the party asserting it did not show that any evidence had been destroyed.

Mr. Courtney contends that the state of mind of the person destroying or losing the evidence should have no bearing on the sanction for its loss. The party has a duty to preserve the evidence, and the consequence of any failure to perform that duty should at least be a presumption that the evidence was unfavorable to that party. He also argues that such presumption should apply to all defendants, not just the defendant who lost or destroyed the evidence. Neither contention is consistent with the basis of the spoliation doctrine.

■ In *Bromley*, we cited as authority *Stuart v. State*, 127 Idaho 806, 816, 907 P.2d 783, 793 (1995), wherein we stated, "The spoliation doctrine is a general principle of civil litigation which provides that upon a showing of intentional destruction of evidence by an opposing party, an inference arises that the missing evidence was adverse to the party's position. *See McCormick On Evidence*, 4th Ed. § 265, pp. 189–94 (1992)." By citing to *McCormick*, we recognized the spoliation doctrine as a form of admission by conduct. As *McCormick* states:

> By resorting to wrongful devices, the party is said to provide a basis for believing that he or she thinks the case is weak and not to be won by fair means.... Accordingly, the following are considered under this general category of admissions by conduct: ... destruction or concealment of relevant documents or objects.

*Id.* at 190–91, 907 P.2d 783. As an admission, the spoliation doctrine only applies to the party connected to the loss or destruction of the evidence. As *McCormick* states:

Of course, it is not enough to show that a third person did the acts charged as obstructive. They must be connected to the party, or in the case of a corporation to one of its superior officers, by showing that an officer did the act or authorized it by words or other conduct.

*Id.* at 191, 907 P.2d 783. Furthermore, the merely negligent loss or destruction of evidence is not sufficient to invoke the spoliation doctrine. As *McCormick* states, "Moreover, the circumstances of the act must manifest bad faith. Mere negligence is not enough, for it does not sustain the inference of consciousness of a weak case." *Id.*

■ Whether or not conduct constitutes an admission depends upon the party's knowledge or intent that can be inferred from that conduct. For the loss or destruction of evidence to constitute an admission, the circumstances must indicate that the evidence was lost or destroyed because the party responsible for such loss or destruction did not want the evidence available for use by an adverse party in pending or reasonably foreseeable litigation. The merely negligent loss of evidence will not support that inference, nor would the intentional destruction of an item that a party had no reason to believe had any evidentiary significance at the time it was destroyed. There may be circumstances, however, where such inference could be drawn from the reckless loss or destruction of evidence. Although the district court erred in instructing the jury that the inference could arise from Big O's negligent loss of the tire, such error was favorable to Mr. Courtney.

We are only dealing here with instructing the jury as to the evidentiary significance of a party's conduct in losing or destroying evidence. There may certainly be circumstances where a party's willful, intentional, and unjustifiable destruction of evidence that the party knows is material to pending or reasonably foreseeable litigation may so prejudice an opposing party that sanctions such as those listed in Rule 37(b) of the Idaho Rules of Civil Procedure are appropriate. In addition, nothing herein should be interpret-

ed as limiting counsel's closing argument to the jury.

Mr. Courtney also challenges the district court's exclusion of certain expert testimony regarding his claim for damages. Because we have affirmed the judgment finding for the respondents on the issue of liability, we need not address that challenge.

**C. Is Big O Tires, Inc., Entitled to an Award of Attorney Fees on Appeal?**

 Big O Tires requests attorney fees on appeal pursuant to Idaho Code § 12–121. Under that statute, attorney fees will be awarded to the prevailing party on appeal when this Court is left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably or without foundation. *King v. King,* 137 Idaho 438, 50 P.3d 453 (2002). On this appeal, Mr. Courtney made a good faith argument for the extension of existing law. We therefore decline to award attorney fees on appeal.

## IV. CONCLUSION

The judgment of the district court is affirmed. Costs on appeal, but not attorney fees, are awarded to the respondents.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and BURDICK concur.