**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47124**

| | |
|---|---|
| **RUSSELL ALLEN PASSONS,** | ) |
| | ) **Filed: December 18, 2020** |
| **Petitioner-Appellant,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| **STATE OF IDAHO,** | ) |
| | ) |
| **Respondent.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Russell Allen Passons appeals from a judgment of the district court summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Passons entered a retail store twice in one day, each time placing merchandise in a shopping cart and proceeding past the cash registers without paying. During the second attempt to leave the store, two loss-prevention employees confronted Passons as he exited. According to the employees, Passons swore; pulled out a knife and pointed it at them; and ran to his car, abandoning the merchandise. He was arrested the next day. Passons was charged with one count of burglary and two counts of aggravated assault (one for each employee), along with sentencing enhancements for use of a deadly weapon and being a persistent violator of the law.

1

Initially, a public defender was appointed to represent Passons. Based on Passons' desire to represent himself, the trial court[1] allowed Passons' counsel to withdraw, but ordered counsel to assist Passons in a standby role. After experiencing difficulties in representing himself, Passons requested that counsel be reappointed; the trial court granted that request.

At trial, a jury found Passons guilty of all three counts. Regarding the sentencing enhancements, the trial court found Passons used a deadly weapon but that he was not a persistent violator of the law. Passons appealed and this Court affirmed. *State v. Passons*, 158 Idaho 286, 346 P.3d 303 (Ct. App. 2015).

Passons filed a pro se petition for post-conviction relief in this case. With the assistance of counsel, Passons filed an amended petition in which he alleged a variety of claims, including a violation of his right to self-representation and ineffective assistance of both standby counsel and trial counsel. The State moved for summary dismissal and the district court granted the motion. Passons appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Passons asserts the district court erred in granting summary dismissal of his claims related to his right to self-representation and ineffective assistance by standby counsel and trial counsel. Passons also asserts that the cumulative effect of the errors he sought to show in his prior appeal, combined with the errors he seeks to show in this appeal, warrant post-conviction relief. The State

---

[1]    In this opinion, we use "trial court" to collectively refer to the magistrate court and district court that presided over Passons' underlying criminal case, and we use "district court" to refer to the post-conviction court.

2

responds that Passons has not preserved part of his argument that his right to self-representation was violated and that, in any event, Passons' right to self-representation does not include the rights to which he says he is entitled. For Passons' assertion that standby counsel rendered ineffective assistance, the State contends that Passons cannot assert such a claim because there is no constitutional right to effective assistance of standby counsel. The State also contends that Passons' ineffective assistance of trial counsel claims fail because Passons has failed to show that his trial counsel's actions were the result of inadequate preparation, ignorance of the law, or some other failure capable of objective review. Because Passons fails to show error, we affirm.

## A. Right to Self-Representation

Passons contends he presented sufficient facts to show his right to self-representation was violated such that the district court erred in summarily dismissing this claim without an evidentiary hearing. Passons makes two basic arguments on appeal related to his right to self-representation. First, he argues he was effectively deprived of the right because he did not have sufficient access to legal materials, funds for investigation, or time to prepare for the preliminary hearing. Second, he asserts his waiver of his right to self-representation was not valid. The State contends that Passons failed to preserve his first argument--that a lack of resources effectively deprived him of the right to self-representation. The State responds to Passons' second argument by asserting it is unsupported by law. We hold that Passons has failed to show the district court erred in dismissing any substantive claim related to his right to self-representation.[2]

With respect to Passons' first argument, the record reveals that, in the context of "Count III" of his first amended petition, which Passons labeled "*Faretta* issue,"[3] Passons made several allegations, including: his request for an investigator and "funds for the same" was denied while Passons was representing himself; standby counsel "did not provide legal material nor factual investigation"; Passons' inability to "prepare for trial," a lack of assistance by standby

---

[2]     Passons' arguments regarding a substantive right to self-representation are distinct from his claim that trial counsel was ineffective in relation to that right.

[3]     The United States Supreme Court has held that a defendant has a right to self-representation, but that before exercising this right, the defendant "should be made aware of the dangers and disadvantages of self-representation." *Faretta v. California*, 422 U.S. 806, 835 (1975). These admonitions are commonly referred to as "*Faretta* warnings."

counsel, and a "lack of funds for investigation and similar rulings forced [Passons] to give up hope in properly representing [himself]." In support of the "*Faretta* issue," Passons further alleged "an unconstitutional waiver" because "trial counsel" did not adequately advise Passons of the right and the trial court did not conduct an adequate inquiry regarding the waiver. These allegations do not reflect a substantive claim regarding the denial of resources.[4] Rather, the allegations reflect, at most, claims that counsel was ineffective and Passons' "waiver" of the right to self-representation was invalid, which is how the district court interpreted Passons' "*Faretta* issue." If Passons believed that the district court's characterization of this issue (or "Count") was incorrect, Passons was obligated to raise such a contention to the district court. Because Passons failed to do so, his claims regarding the lack of resources is not preserved. *See Caldwell v. State*, 159 Idaho 233, 242, 358 P.3d 794, 803 (Ct. App. 2015) (concluding post-conviction petitioner failed to preserve claim for appeal where the alleged claim was unaddressed by the district court and the petitioner did not alert the district court to the omission).

We next turn to Passons' second argument regarding his right to self-representation. Passons contends his waiver of his right to self-representation was invalid because the trial court questioned his prior decision to represent himself and did not make sure his waiver of the right to do so was intelligent and knowing. In the underlying criminal case, Passons' counsel moved to withdraw based on Passons' desire to exercise his right to represent himself. After some discussion with Passons about the difficulties of self-representation, the trial court did not rule on the motion, gave Passons a day to think it over, and granted his motion to continue the preliminary hearing. The next day, the trial court allowed counsel to withdraw and issued additional warnings to Passons about the hazards of self-representation. The trial court ordered Passons' counsel to provide standby assistance to Passons.

After choosing to represent himself, Passons moved to continue the preliminary hearing a second time. This motion was denied. On the day of the preliminary hearing, Passons again

---

[4] A substantive claim relating to the denial of resources is a claim that could have been raised on direct appeal and falls outside the scope of post-conviction. *See State v. Meyers*, 164 Idaho 620, 623-24, 434 P.3d 224, 227-28 (2019) (considering, on direct appeal, challenges related to right to self-representation); *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007) (pursuant to I.C. § 19-4901(b), declining to consider claim that could have been raised on direct appeal).

4

moved for a continuance because he received his case file only two days prior to the hearing. This motion was denied, leaving the preliminary hearing scheduled for that day. After representing himself at the preliminary hearing, Passons filed a motion for unlimited access to the jail's law library, instead of the one hour normally provided, and for more than the six sheets of paper he was allowed. He also submitted an ex parte application for funds, the majority of which he indicated he planned on using to hire an investigator.

At Passons' arraignment, the trial court did not address his motion for increased access to legal materials or application for funds. Instead, the trial court advised Passons of the hazards of self-representation. After conferring with his standby counsel, Passons asked the trial court to reappoint counsel, which the trial court granted. On the basis that Passons again had counsel, the trial court later denied Passons' motion for increased access to legal materials.

In addressing Passons' claim that the trial court had an obligation to ensure that he knowingly and intelligently opted to have counsel reappointed rather than continue representing Passons, the district court engaged in a detailed analysis of the cases Passons cited and rejected his argument. The district court noted that the cases Passons relied on related to good cause for the appointment of substitute counsel, not reappointment of counsel following a period of self-representation. Because Passons failed to support his claim with authority, and because the district court found no error in the trial court's decision to grant Passons' request to reappoint counsel, it summarily dismissed Passons' "*Faretta* issue."

On appeal, Passons relies on one of the cases he cited to the district court, *United States v. Hantzis*, 625 F.3d 575 (9th Cir. 2010), and cites a new case, *United States v. Audette*, 923 F.3d 1227 (9th Cir. 2019), both of which he claims support his contention that he did not validly waive his right to self-representation. These authorities are inapposite--they describe when a trial court is *required* to reissue *Faretta* warnings. *See Audette*, 923 F.3d at 1236; *Hantzis*, 625 F.3d at 580-81. Neither *Audette* nor *Hantzis* support the idea that a trial court is prohibited from reissuing *Faretta* warnings or that doing so somehow violates a defendant's right to self-representation. Further, neither case stands for the proposition that a trial court must inquire to make sure the waiver is intelligent and knowing. Instead, both cases hold that a defendant's right to self-representation ends when the defendant expressly requests reappointment of counsel. *Audette*, 923 F.3d at 1236; *Hantzis*, 625 F.3d at 581. There is no requirement that waiver of the right to

5

self-representation needs to be knowing and intelligent.  *See Munkus v. Furlong*, 170 F.3d 980, 983 (10th Cir. 1999) (noting that "no court has said that the fair trial protections which are required to waive the right to counsel are necessary to waive the right to self-representation"); *cf. State v. Meyers*, 164 Idaho 620, 624-25, 434 P.3d 224, 228-29 (2019) (recognizing that a defendant may abandon a right to self-representation through conduct).  In general, a defendant's right to a fair trial is better secured with representation by counsel.  *See id.*  The district court did not err in granting summary dismissal on Passons' claim that his right to self-representation was violated.

**B.      Ineffective Assistance of Counsel**

In his first amended petition, Passons alleged numerous ways standby counsel and trial counsel rendered ineffective assistance.  On appeal, Passons asserts the district court erred in summarily dismissing some, but not all, of those claims.  Specifically, Passons argues the district court erred in summarily dismissing his claims that standby counsel was ineffective by failing to obtain the surveillance footage Passons requested.  As to trial counsel, Passons argues the district court erred in summarily dismissing his claims that trial counsel was ineffective by failing to: challenge the validity of Passons' waiver of his right to self-representation, adequately cross-examine the loss prevention employees, request a jury instruction on spoliation for lost surveillance footage, and call a witness who could have testified that Passons had access to funds at the time of the theft.  Passons also argues that the district court erred in summarily dismissing his claim that counsel had a conflict of interest.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act.  *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009).  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007).  Thus, in order to survive summary dismissal of an ineffective assistance of counsel claim, the petitioner must establish the existence of a genuine issue of material fact as to both deficient performance and prejudice.  *Kelly v. State*, 149 Idaho 517, 522, 236 P.3d 1277, 1282 (2010).

### 1. Ineffective assistance of standby counsel

Passons alleged two claims of ineffective assistance linked to standby counsel's performance. As noted by the district court, Idaho has yet to address whether a defendant can assert a claim for ineffective assistance of counsel based on actions of standby counsel. In the post-conviction context, the Idaho Supreme Court has stated that, where there is no right to counsel, there can be no deprivation of effective assistance of counsel." *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014). We have held that criminal defendants have no constitutional right to standby counsel. *State v. Averett*, 142 Idaho 879, 886, 136 P.3d 350, 357 (Ct. App. 2006). Thus, without a right to standby counsel, there is no basis for a claim that standby counsel rendered ineffective assistance. Several federal circuit courts agree with this reasoning. *See United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006); *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998).

We recognize, as Passons notes in his argument, that California gives a defendant the right, albeit narrow in scope, to effective assistance of standby counsel. *See, e.g.*, *People v. Lawley*, 38 P.3d 461, 491-92 (Cal. 2002). But in tracing this right to its precedential roots, it appears to be based on a loose reading of *Faretta*. *See People v. Hamilton*, 774 P.2d 730, 742 n.14 (Cal. 1989); *People v. Doane*, 246 Cal. Rptr. 366, 372 (Ct. App. 1988). We decline to adopt such a constitutional right to effective assistance of standby counsel. Passons cannot waive his constitutional right to counsel and then claim a violation of that right. The district court did not err in summarily dismissing this claim.

### 2. Ineffective assistance of trial counsel

#### a. Failure to challenge validity of waiver

Passons alleged that, after he waived his right to self-representation, his newly reappointed trial counsel should have challenged the validity of Passons' waiver and "require[d] the court to conduct an adequate inquiry as to [the] waiver." As noted, the district court rejected any assertion that Passons' decision to have counsel reappointed was invalid. On appeal, the entirety of Passons' argument regarding counsel's conduct vis-à-vis the waiver reads: "Newly appointed counsel should have raised the issue of a proper revocation of a *Faretta* based self-representation. Counsel's conduct, in addition to the [trial] court's, violated" Passon's "right to self-representation." Nothing in this argument identifies the legal standards applicable to the

ineffective assistance of counsel aspect of this claim. Instead, Passons makes a conclusory statement of error unsupported by authority. As such, we need not consider the merits of this claim beyond what we have already addressed in relation to Passons' assertion that he was denied his right to self-representation. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (stating that a party waives an issue on appeal if either argument or authority is lacking). Because Passons had no viable claim that his right to self-representation had been violated, his counsel could not have been ineffective for failing to challenge the validity of Passons' waiver. *See Matthews v. State*, 122 Idaho 801, 808 n.2, 839 P.2d 1215, 1222 n.2 (1992). Passons has failed to show that the district court erred in dismissing this claim.

### b.    Cross-examination of loss-prevention employees

Passons alleged his trial counsel failed altogether to cross-examine the loss-prevention employees regarding inconsistencies in their descriptions of the knife. The district court dismissed this claim because it found evidence that trial counsel had cross-examined one employee about his inconsistent descriptions of the knife. On appeal, Passons shifts positions and now asserts that his trial counsel was ineffective for not doing a better job cross-examining the employees. Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Although a party may polish an argument presented below, it may not take an entirely new position on appeal. *See State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019). Passons' new position on appeal, not having been asserted below, is not preserved. In any event, counsel's cross-examination falls squarely within the realm of tactical or strategic decisions. *See State v. Abdullah*, 158 Idaho 386, 500, 348 P.3d 1, 115 (2015). Passons does not identify how counsel could have better cross-examined the employees, nor does Passons explain how the failure was the result of inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective review. Even allowing for Passons' change in argument, the district court did not err in dismissing this part of the claim.[5]

---

[5]    In a title heading contained in his opening brief, Passons also asserts counsel was ineffective by failing to object to "testimony of the knife." He does not, however, present any argument regarding what the objection should have been, nor does he describe what the

### c. Spoliation jury instruction

Passons alleged his trial counsel was ineffective for failing to request a jury instruction on spoliation based on the employees' failure to preserve the surveillance footage they said was whited out. The district court found there was no evidence that the destruction was intentional, as opposed to negligent, and thus did not satisfy one of the requirements for a spoliation instruction. *See Courtney v. Big O Tires, Inc.*, 139 Idaho 821, 824, 87 P.3d 930, 933 (2003). In addition, we note that spoliation instructions are not appropriate when a third party unconnected to the litigants destroys the evidence, *see id.*, and that Passons failed to present evidence connecting the employees' actions to the State as a party in the underlying criminal case. In any event, Passons presents no argument or authority showing that the district court erred in its analysis, so the issue is waived on appeal. *See Powell*, 130 Idaho at 128, 937 P.2d at 440.

### d. Failure to call a witness

Passons alleged his daughter could have testified that Passons had access to money at the time of the crime and that trial counsel was ineffective for failing to call Passons' daughter as a witness in order to present this testimony. According to Passons, his daughter's testimony would have tended to disprove his intent to commit theft when he entered the retail store, a necessary element for the burglary charge. As the district court correctly noted, trial counsel's decision not to call a witness is tactical. *See State v. Darbin*, 109 Idaho 516, 521, 708 P.2d 921, 926 (Ct. App. 1985). Passons presents no argument on appeal that his trial counsel's decision was the product of an objective shortcoming such as inadequate preparation or ignorance of the law. As such, Passons has waived the issue on appeal. *See Powell*, 130 Idaho at 128, 937 P.2d at 440. In addition, Passons did not submit an affidavit from his daughter. Instead, he merely indicated what he believed she would say. It is not enough to allege that a witness would have testified to certain events or would have rebutted certain statements made at trial without providing, through affidavit, nonhearsay evidence of the substance of the witness's testimony. *Marsalis v. State*, 166 Idaho 334, 346, 458 P.3d 203, 215 (2020); *Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008). Therefore, the district court did not err in dismissing this claim.

---

objectionable testimony was. A party waives an issue on appeal if either argument or authority is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440. As such, we will not consider this issue.

### 3. Conflict of interest

Passons alleged his counsel had a conflict of interest because counsel did not do what Passons asked, disagreed with him, objected to his requests for assistance, and failed to investigate. In relation to this claim, Passons did not distinguish between standby counsel and trial counsel. The district court summarily dismissed the claim, concluding that Passons failed to show an actual conflict. We agree.

As it concerns his trial counsel, prejudice is presumed for a claim of ineffective assistance of counsel when a defendant shows trial counsel represented conflicting interests and that the conflict had an adverse effect on the trial counsel's representation of the defendant. *See Strickland*, 466 U.S. at 692; *Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980). Passons has not identified any actual conflict of interest. Although he may disagree with how his trial counsel handled Passons' interests, such a disagreement does not rise to the level of a conflict of interest. To the extent Passons asserts his standby counsel had a conflict, this argument fails because, as explained above, a defendant does not have the constitutional right to effective assistance of standby counsel. Accordingly, the district court did not err in dismissing this claim.

### C. Cumulative Error

Passons contends that the cumulative error doctrine applies here.[6] He argues that the errors he sought to show on direct appeal, combined with the errors he seeks to show for his post-conviction petition, support cumulative error. This Court has discussed the doctrine of cumulative error in the context of a post-conviction case. *Boman v. State*, 129 Idaho 520, 527, 927 P.2d 910, 917 (Ct. App. 1996). However, neither this Court nor the Idaho Supreme Court has indicated that a post-conviction cumulative error analysis would include consideration of errors alleged on direct appeal. Regardless, under the doctrine of cumulative error, a series of errors (harmless in and of themselves) may in the aggregate show the absence of a fair trial. *Bias v. State*,

---

[6] We note that the State did not move for summary dismissal on this claim, nor did the district court expressly rule on it. However, given that the district court dismissed Passons' entire petition, and that Passons asserted his claim of cumulative error in response to the State's motion, the issue has been preserved for appeal. *See Kolar v. Cassia Cty. Idaho*, 142 Idaho 346, 354, 127 P.3d 962, 970 (2005) (issue preserved for appeal, despite trial court's failure to rule on it, because party raised issue below); *State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998) (noting exception to general preservation rule when party raised argument before the trial court).

159 Idaho 696, 705, 365 P.3d 1050, 1059 (Ct. App. 2015). A necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Because Passons has failed to demonstrate at least two errors in his post-conviction case, a necessary predicate to the application of the cumulative error doctrine, he has failed to show cumulative error.

## IV.

## CONCLUSION

Passons was not deprived of his right to self-representation, he had no right to effective assistance of standby counsel, trial counsel did not render ineffective assistance, Passons failed to demonstrate counsel had a conflict of interest, and Passons has not demonstrated cumulative error. Thus, Passons has failed to show that the district court erred in summarily dismissing his petition for post-conviction relief. Consequently, the judgment summarily dismissing his petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.