# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49981

<table>
<tr><td>

STANLEY PHILLIP SWEET,

      Petitioner-Appellant,

v.

STATE OF IDAHO,

      Respondent.

</td><td>

Filed: November 1, 2023

Melanie Gagnepain, Clerk

</td></tr>
</table>

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge. Hon. Justin Julian, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment denying petition for post-conviction relief, <u>affirmed</u>.

Thornton Law Office; Val Thornton, Sandpoint, for appellant. Val Thornton argued.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

---

LORELLO, Chief Judge

Stanley Phillip Sweet appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming a judgment denying his petition for post-conviction relief. Sweet argues the district court erred in affirming the denial of his petition because he proved, by a preponderance of the evidence, that his trial counsel was ineffective in numerous ways.[1] We affirm.

---

[1] Sweet does not pursue all of his ineffective assistance of trial counsel claims as part of this appeal. Any error related to the denial of relief on claims alleged in Sweet's petition that are not presented on appeal, supported by argument and authority, are waived. *See Powell v. Sellers*, 130

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2016, a jury found Sweet guilty of domestic battery in the presence of a minor child. Sweet appealed his judgment of conviction to the district court and then this Court, which affirmed in an unpublished opinion. *See State v. Sweet*, Docket No. 45539 (Ct. App. Sept. 4, 2018). Sweet, with the assistance of counsel, subsequently filed a petition for post-conviction relief, alleging numerous ineffective assistance of trial counsel claims. After the State filed a motion for summary dismissal, Sweet filed an amended petition, followed by a second amended petition.[2] After an evidentiary hearing, the magistrate court denied Sweet's petition for post-conviction relief. The magistrate court found that Sweet failed to meet his burden of proving that he was entitled to relief on any of his post-conviction claims. Sweet appealed to the district court, which affirmed. Sweet again appeals.

# II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (holding a party waives an issue on appeal if either argument or authority is lacking).

[2]     There is no indication in the record that Sweet requested or received leave to amend his petition after the State filed its motion for summary dismissal. At a subsequent scheduling conference, however, Sweet did request leave to amend one ineffective assistance of trial counsel claim. The State did not object to that amendment and Sweet filed a second amended petition approximately one week later. We presume the operative petition for purposes of the evidentiary hearing and appeal is the second amended petition filed on April 9, 2021.

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.[3]

### III.

### ANALYSIS

Sweet argues the magistrate court erred in denying his petition for post-conviction relief and that the district court erred in affirming the magistrate court. The State responds that the record and applicable law supports the magistrate court and district court's decisions. We hold that Sweet has failed to meet his burden of showing error in the denial of post-conviction relief and affirm the district court's intermediate appellate decision.

**A.      Standard Applicable to Sweet's Ineffective Assistance of Counsel Claims**

As an initial matter, we address the legal standards applicable to Sweet's ineffective assistance of trial counsel claims in light of Sweet's apparent belief that he is entitled to review of his claims based on a standard other than *Strickland v. Washington*, 466 U.S. 668 (1984).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct.

---

[3]      Sweet argues that "a de novo review of the issues presented will show many legal and litigational [sic] errors that individually or together deprived him of his right to a fair trial." Although not entirely clear, it appears Sweet may believe that de novo review applies based on his citation to *Baxter*, 149 Idaho at 862, 243 P.3d at 678, for the proposition that mixed questions of law and fact are reviewed de novo. *Baxter* does not stand for such a proposition. The standard of review for post-conviction claims in Idaho is well-established, including in *Baxter*, and is accurately set forth above. Sweet's assertion that de novo review applies is contrary to law.

App. 2009).  To prevail on an ineffective assistance of counsel claim, the petitioner must prove, by a preponderance of the evidence, that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland*, 466 U.S. at 687-88; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.  *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.  This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal, unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.  *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In addition to erroneously asserting that de novo review applies in this case, Sweet repeatedly argues that it is the State's burden to show the errors he alleges regarding trial counsel's performance are harmless.  Sweet relies on *Rossignol v. State*, 152 Idaho 700, 274 P.3d 1 (2012), in support of this assertion.  Sweet's reliance on *Rossignol* is misplaced.  In *Rossignol*, the Court distinguished between two types of post-conviction claims in the context of a defendant's right to testify--one based on ineffective assistance of counsel and one based on the denial of the substantive right to testify.  *Id*. at 703-04, 274 P.3d at 4-5.  Which standard applies depends on the type of claim alleged in the petition.  If the claim alleges ineffective assistance of counsel, the *Strickland* standards set forth above apply.  If the claim alleges the denial of a fundamental constitutional right, not based on the alleged ineffective assistance of counsel, *Strickland* does not apply; rather, the substantive law governing the right applies.  For the latter, the petitioner has the burden of showing deprivation of the right, after which the burden shifts to the State to show any error was harmless.  *Chapman v. California*, 386 U.S. 18, 24 (1967); *Rossignol*, 152 Idaho at 704, 274 P.3d at 5.

All of the claims alleged in Sweet's petition for post-conviction relief are framed as ineffective assistance of trial counsel claims to which *Strickland* applies.  As such, Sweet is

4

incorrect that the *Chapman* standard applies to any of his claims and the burden never shifted to the State to prove harmless error.

**B.**     ***Strickland* Prejudice**

On appeal, Sweet alleges seven ineffective assistance of counsel claims regarding trial counsel's performance during Sweet's trial. As noted, the prejudice prong of *Strickland* requires the petitioner to show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. Because Sweet believes the harmless error standard applies, he failed to argue *Strickland* prejudice for most of his claims, although he does make some attempt to do so in his reply brief. This Court does not consider arguments raised for the first time in a reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Accordingly, we only consider arguments related to prejudice included in Sweet's opening brief.

Sweet's first two ineffective assistance of trial counsel claims are related to jury selection--one based on trial counsel's performance during voir dire and one based on the decision to not accept the magistrate court's offer to continue the trial in order to summon additional jurors for the venire. Regarding the prejudice prong of *Strickland*, Sweet failed to argue, much less prove, that he was prejudiced as a result of trial counsel's alleged deficient performance during voir dire. Instead, Sweet asserts, in conclusory fashion, that trial counsel's "failures to act or to query resulted in a denial of Sweet's right to a fair and impartial jury." The failure to support a claim with argument and authority waives consideration of the merits of the claim on appeal. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Regarding the claim that trial counsel was ineffective for failing to accept the offered continuance, Sweet makes several assertions regarding the benefits of a continuance, such as the "opportunity to select from a constitutionally sufficient jury pool," the ability to "obtain the out-of-state witness," and the "possible benefit from the passage of time, loss of evidence and/or witnesses, etc." However, those assertions are conclusory and do not demonstrate, much less prove, there is a reasonable probability the result of the trial would have been different if trial counsel had accepted a continuance. For example, Sweet does not explain how the outcome of trial would have been different if there had been an alternate juror or if he could have obtained an out-of-state witness whose existence was not included within any post-conviction claim and whose

potential testimony was not presented at the post-conviction evidentiary hearing. Further, Sweet cannot prove prejudice based on his apparent speculative hope that he could have benefited from a continuance if the continuance had resulted in the loss of evidence.

Sweet's next ineffective assistance of counsel claim is based on the allegation that his trial counsel was ineffective for failing to inform Sweet that it was his right and choice whether to testify at trial. In an attempt to show prejudice, Sweet argues that "the State cannot say, beyond a reasonable doubt, that the outcome would not have been different if Sweet had taken the stand." Similarly, with respect to Sweet's ineffective assistance of trial counsel claims related to the officer's testimony, counsel's cross-examination of other witnesses and counsel's closing argument, Sweet contends "the State cannot show that the outcome would not have been different." As noted, that is not the proper standard for *Strickland* prejudice. It was Sweet's burden to prove prejudice, not the State's burden to show the absence of prejudice.

Because Sweet failed to present argument and authority demonstrating prejudice under the appropriate *Strickland* standard for any of his ineffective assistance of counsel claims, he has failed to show error in the denial of post-conviction relief.

## C. Ineffective Assistance of Counsel--Presentation of Evidence to Impeach Victim

Sweet alleged his trial counsel was ineffective for failing to introduce evidence of the victim's bias and prior false accusations against Sweet. In particular, Sweet alleged that trial counsel should have introduced transcripts from prior proceedings to impeach the victim. The magistrate court denied relief on this claim because such evidence was excluded by the trial court.

On appeal, Sweet claims error based on the magistrate court's failure to address whether the evidence could have been admitted pursuant to I.R.E. 404(a)(2)(B) and whether trial counsel was deficient for failing to seek admission of the evidence on that basis. Sweet contends that the victim's "history was highly relevant to [his] defense, and the failure to move to have the evidence admitted under the relevant rule constituted" ineffective assistance of trial counsel. Sweet's version of this claim on appeal to this Court is not the claim alleged in his petition. Nowhere in Sweet's petition does he reference trial counsel's failure to seek admission of the evidence pursuant to I.R.E. 404(a)(2)(B). Nor did the magistrate court analyze this claim based on I.R.E. 404(a)(2)(B) or any other rule of evidence. It was not until the intermediate appeal before the district court that there was any mention of the Idaho Rules of Evidence when the district court

6

set forth the standards from I.R.E. 404(a)(1), 404(a)(2), and 405.[4] It is well-settled that issues cannot be raised for the first time on appeal. *Passons v. State*, 168 Idaho 668, 675, 485 P.3d 164, 171 (Ct. App. 2020). Appellate court review is limited to the evidence, theories, and arguments that were presented in the trial court. *Id*. Because Sweet's arguments regarding trial counsel's failure to request admission of impeachment evidence pursuant to I.R.E. 404(a)(2)(B) was not pled in his petition or presented to the magistrate court, the arguments are not preserved for appeal.

## D. Cumulative Error

Sweet contends that the cumulative error doctrine applies, necessitating post-conviction relief. Sweet, however, fails to cite any authority related to cumulative error. Sweet's cumulative error argument fails on this basis alone. *See Thumm v. State*, 165 Idaho 405, 426, 447 P.3d 853, 874 (2019) (concluding that, because appellant failed to provide any specific argument about cumulative error, the argument could be "summarily rejected"); *see also Powell*, 130 Idaho at 128, 937 P.2d at 440 (holding a party waives an issue on appeal if either argument or authority is lacking). Even if we were to consider Sweet's cumulative error claim, a necessary predicate to a finding of cumulative error is a finding of more than one error. *Thumm*, 165 Idaho at 426, 447 P.3d at 874. Because Sweet failed to demonstrate any error, the magistrate court correctly concluded that he was not entitled to relief based on cumulative error.

## IV.

## CONCLUSION

Sweet failed to argue the proper standard for prejudice related to his ineffective assistance of trial counsel claims. Sweet also failed to properly preserve his arguments on appeal related to trial counsel's failure to request admission of impeachment evidence pursuant to I.R.E. 404(a)(2)(B). Further, Sweet did not cite any authority in support of his cumulative error argument and his argument otherwise fails because he failed to show any error to cumulate. Sweet

---

[4] Although the district court's intermediate appellate decision included a summary of the legal standards for I.R.E. 404(a) and I.R.E. 405(a), the district court did not discuss the applicability of those standards to any ineffective assistance of counsel claim based on those rules. Instead, the district court concluded, as did the magistrate court, that trial counsel was not ineffective for complying with the magistrate court's order excluding certain impeachment evidence related to the victim.

has, therefore, failed to show any error in the magistrate court's denial of post-conviction relief. Accordingly, the decision of the district court, on intermediate appeal from the magistrate court, affirming the judgment denying Sweet's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.