**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49158**

| | |
|---|---|
| JIMMY CARLTON MOORE, JR., | ) |
| | ) **Filed: April 23, 2024** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, affirmed; order striking amended successive petition, affirmed.

Jimmy Carlton Moore, Jr., Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jimmy Carlton Moore, Jr., appeals from the district court's judgment summarily dismissing his successive petition for post-conviction relief and the order striking his amended successive petition. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying case, a jury convicted Moore of felony domestic violence, Idaho Code §§ 18-903(a), 18-918(2); and misdemeanor resisting and obstructing law enforcement, I.C. § 18-705, based on an altercation involving his wife. At trial, Moore's wife testified that Moore intentionally hit her in the face. Moore testified that he accidentally hit his wife when she approached him from behind causing only a small mark and that, thereafter, he and a neighbor went to a convenience store. Moore contended that an alternate perpetrator battered his wife while

1

he was at the convenience store. The case proceeded to trial and the jury convicted Moore on both counts. Moore admitted to being a persistent violator.

This Court affirmed Moore's judgment of conviction on appeal. *State v. Moore*, Docket No. 43481 (Ct. App. Sept. 29, 2016) (unpublished). In 2019, this Court affirmed the district court's summary dismissal of Moore's initial petition for post-conviction relief. *State v. Moore*, Docket No. 45889, (Ct. App. Oct. 29, 2019) (unpublished).

Following issuance of the remittitur from the appeal of Moore's initial post-conviction petition, he filed a successive petition for post-conviction relief. In his successive petition, Moore asserted claims for ineffective assistance of trial counsel and post-conviction counsel. The district court issued a scheduling order setting a deadline for Moore to file any amended successive petition. Moore filed an amended successive petition after the deadline. The State filed a motion to strike the amended successive petition on the basis that Moore failed to comply with the scheduling order. The district court dismissed the successive petition and granted the State's motion to strike the amended petition. Moore filed a motion to reconsider which the district court denied. Moore appeals.

## II.

### STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

### ANALYSIS

Moore asserts the district court erred by dismissing his successive petition for post-conviction relief and by granting the State's motion to strike his amended successive petition. Moore also argues that the district court erred by failing to appoint conflict-free counsel and in finding that his successive petition and his amended successive petition were untimely. Finally, Moore contends that the Idaho Supreme Court's decision in *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014) should be overruled in light of the United States Supreme Court's decision in

*Shinn v. Ramirez*, 596 U.S. \_\_\_, 142 S. Ct. 1718 (2022), thereby allowing Moore to proceed on his successive petition.

## A.     Appointment of Counsel

Moore argues he was denied counsel for his successive petition. Moore contends that he filed, or attempted to file, a "Motion and Affidavit in Support for Appointment of Counsel 'Conflict-Counsel' outside Public Defenders Office." However, this affidavit was not filed or reflected in the clerk's record. He did, however, provide the district court with an "Affidavit of Poverty," which was filed on November 30, 2020. Moore never submitted a motion for appointment of counsel. The district court was uncertain if Moore intended to request the appointment of counsel and invited him to do so in its December 30, 2020, ruling on preliminary motions. The district court stated: "If [Moore] intends to request court-appointed counsel to aid him in pursuing his case, he must make that request explicit and furnish sufficient information to establish his indigency." Moore never responded. As to both the timeliness of his successive petition and the appointment of counsel, Moore contends that relevant documents are missing from the record. The district court generally rejected Moore's assertion that documents were missing, noting that most of the documents "he authored himself and so had possession of" and rejected claims that the Ada County Clerk failed to respond to his request as "not credible." Moore has failed to identify anything in the record to demonstrate that the district court erred in rejecting the missing documents claims. Moore has failed to show that the district court erred in failing to appoint counsel.

## B.     Timeliness of Successive Petition and Amended Successive Petition

Moore contends that the district court erred in finding that his successive petition was untimely. The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief for which sufficient reason was not asserted or was inadequately

3

raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.*

The district court granted the State's motion to dismiss the successive petition as untimely. The district court held: (1) Moore's successive petition was untimely; (2) many of Moore's claims were barred by I.C. § 19-4908 because they were, or could have been, presented in his first post-conviction petition or on direct appeal, and he failed to show "sufficient reason" why they were not asserted or were inadequately raised; (3) Moore's successive petition raised no new issues and had no new bases for relief; (4) there was no evidence that Moore's post-conviction counsel's representation was inadequate or deficient; and (5) Moore's "ineffectiveness" claims against his post-conviction counsel were non-cognizable under *Murphy*.

Moore filed his successive petition one year and five days after this Court filed its remittitur from Moore's appeal of the dismissal of his initial petition. Regarding Moore's reasons for being untimely, the district court stated:

> As to his lateness, Mr. Moore asserts his reasons for the lateness are attributable to Idaho Department of Correction paralegal Alan Stewart. He repeated these assertions (not under oath) at oral argument. His assertions were not credible.

In denying Moore's motion to reconsider, the district court explained:

> On November 25, 2019, the Court of Appeals issued the remittitur in Mr. Moore's underlying criminal case (CRFE-14-17445) and his first post-conviction case (CV01-17-04276). This is the start of the one-year clock. He filed his present petition for post-conviction relief on November 30, 2020. This is more than one year after the date of remittitur and so is filed late under the UPCPA. While he states (not under oath) that he "dated" his petition "on this 20th day of October 2020" (Petition at 26), it is not the date he completes its writing or the date he signs the petition that is relevant: it is the date he filed it. His petition provides no information about the date of delivery to prison officials for the application of any prison mailbox rule. His certificate of mailing (Petition at 27) is of no help, cryptically referring to "this Motion and Affidavit Request for Discovery" instead of a petition for post-conviction relief and leaving blank the date he asserts he delivered it.
>
> Mr. Moore asserted his reasons for the lateness are attributable to Idaho Department of Correction paralegal Alan Stewart. He repeated these assertions (not under oath) at oral argument. His assertions were not credible.

4

From the evidence actually available, his November 30, 2019, petition is late.

The State and the district court relied on the one-year-time period for filing an initial petition to gauge the timeliness of the filing of the successive petition. A successive petition must be filed within a reasonable time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. Moore does not argue that the district court applied the wrong legal standard. Instead, Moore continues to argue that there are missing documents and that the Department of Correction and the clerk's office inhibited an earlier filing. As noted, the district court rejected these arguments. The district court found Moore's arguments and explanations lacking credibility. This Court defers to the district court's credibility determinations. *See Sweet v. State*, 173 Idaho 80, 83, 539 P.3d 196, 199 (Ct. App. 2023).

Moreover, by filing his successive petition on November 30, 2020, Moore failed to file it within a reasonable time after the alleged discovery of facts supporting the claims. The factual bases for Moore's complaints that his trial counsel and/or his (initial) post-conviction counsel were ineffective were known to him at least by the time this Court's remittitur issued at the conclusion of his first post-conviction appeal. *See Rhoades*, 148 Idaho at 253, 220 P.3d at 1072 (ineffective assistance of counsel claims can or should be known at the conclusion of the underlying proceeding). Even assuming that Moore filed his successive petition "per mailbox rule 20 October 2020" as he contends, he has failed to show that he filed it within a reasonable time after discovering the facts supporting his claims. Taking Moore's assertion at face value, he waited eleven months after he knew, or should have known, of the factual bases for his new ineffective assistance of trial and initial post-conviction counsel claims before *attempting* to file his successive petition. In *Hooley v. State*, 172 Idaho 906, 537 P.3d 1267 (2023), the Supreme Court held that waiting five months to file a *Brady*[1] claim after discovering supporting evidence was unreasonable. *Id*. at 917-18, 537 P.3d at 1278-79. Moore does not argue that he filed within a reasonable time, only that he was prevented from filing earlier. Moore has failed to show that the district court erred in finding that his successive petition was untimely.

Further, Moore contends the district court erred in granting the State's motion to strike his amended successive petition. Because Moore's successive petition was untimely, his amended petition is likewise untimely. In addition, Moore was untimely in filing his amended successive

---

[1]     *Brady v. Maryland*, 373 U.S. 83 (1963).

petition pursuant to the district court's scheduling order. The district court stated: "The deadline for Petitioner Jimmy Moore to file any amended petition was February 8, 2021." Moore filed his amended successive petition on March 9, 2021. Again, he argues the lateness of the filing is due to the Idaho Department of Correction paralegal and prison officials. In a letter to the district judge presiding over his post-conviction case, dated February 11, 2021, (three days after the deadline) Moore stated: "Today Mr. Stewart [IDOC paralegal] would not . . . permit me to personally inspect any document prior to its mailing which gives me [legitimate] fear, that he was not going to properly photocopy or [legitimately] mail the *already very late documents* (Petition) to the court." (Emphasis added.) Moore was aware that his filing was past the deadline set by the district court. As noted, the district court rejected Moore's assertion that he was hindered in pursuing post-conviction relief and Moore has not shown error by the district court in that regard. Therefore, the district court did not err in granting the State's motion to strike Moore's amended successive petition for untimeliness.

## C.    Validity of *Murphy* after *Shinn*

Moore contends that *Murphy* should be overruled in light of the United States Supreme Court's decision in *Shinn*. Further, Moore argues that overruling *Murphy* means that a claim of ineffective assistance of post-conviction counsel is a sufficient reason to file a successive petition. In other words, Moore contends the effect of *Shinn* is to re-open the time period in which to file a successive petition because the factual development of the initial claims was inadequate due to the ineffectiveness of initial post-conviction counsel. Moore contends that the ineffective assistance of initial post-conviction counsel resulted in inadequate factual development which excuses his failure to raise his claims earlier. Moore's arguments were recently rejected by the Idaho Supreme Court in *Creech v. State*, ___ Idaho ___, ___ P.3d ___ (2024).

Generally, I.C. § 19-4908 requires a petitioner to assert all allegations in support of post-conviction relief in a single petition. It provides:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Interpreting this statute, the Idaho Supreme Court in *Murphy* concluded that ineffective assistance of post-conviction counsel does not constitute a sufficient reason under I.C. § 19-4908. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. The Court reasoned that there is no right, statutory or otherwise, to post-conviction counsel and that without such a right, there can be no deprivation of effective assistance of post-conviction counsel. *Id*. at 394-95, 327 P.3d at 370-71. As a result, the Court held that a petitioner cannot demonstrate a sufficient reason for filing a successive petition based on allegations of ineffective assistance of post-conviction counsel. *Id*. at 395, 327 P.3d at 371.

Moore relies on *Shinn* to support his argument that he has been denied the opportunity to present meritorious claims of trial counsel's alleged ineffectiveness. In *Shinn*, the Court held that "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond [what was produced in state court] based on ineffective assistance of state post-conviction counsel." *Shinn*, 596 U.S. at 382. In *Creech*, Creech argued that *Shinn* was a triggering event for purposes of reinitiating the time period for pursuing post-conviction relief. *Creech*, ___ Idaho at ___, ___ P.3d at ___.[2] The Idaho Supreme Court disagreed that *Shinn* is a triggering event that offers a new opportunity to seek post-conviction relief in state court. The *Creech* Court concluded that *Shinn* has no bearing on state statutes that establish a statute of limitation for bringing ineffective assistance of counsel claims. *Creech*, ___ Idaho at ___, ___ P.3d at ___. Nothing in *Shinn* resuscitates a time-barred claim. *Shinn*, 596 U.S. at 378.

In short, *Shinn* limits the scope of what can be presented and considered in a habeas corpus evidentiary hearing held in federal court for the purpose of determining whether the procedural default of a claim can be excused. *Shinn*, 596 U.S. at 390; *see also Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012) (holding that a federal court considering a federal habeas corpus claim may excuse the *procedural default* of an ineffective assistance of trial counsel claim where post-conviction counsel was ineffective in pursuing the claim in state post-conviction proceeding). Neither *Shinn* nor *Martinez* affect a state post-conviction proceeding.

Creech also argued that he should be excused from his failure to raise, or adequately raise, his ineffective assistance of trial counsel claim because the failure was attributable to the ineffectiveness of his post-conviction counsel. *Creech*, ___ Idaho at ___, ____ P.3d at ___.

___

[2] While *Creech* is a death penalty case, the Idaho Supreme Court's discussion of the scope of *Shinn* is applicable in non-death penalty post-conviction proceedings.

Creech argued, as does Moore, that his ineffective assistance of trial counsel claim was not supported with adequate evidence earlier because his initial post-conviction counsel was ineffective. *Id*. The Court rejected this argument, citing *Johnson v. State*, 162 Idaho 213, 228, 395 P.3d 1246, 1261 (2017). In *Johnson*, the Court declared that *Martinez* is not a constitutional holding and is not binding on state courts:

> [W]hile *Martinez* made it obligatory for federal habeas courts to hear claims of ineffective assistance of trial counsel if initial post-conviction counsel was not provided or failed to properly raise those issues, *Martinez* is explicitly equitable in nature. *Martinez*, 566 U.S. at 14-15. Because the holding in *Martinez* is not a constitutional holding it is not binding on state courts. *Id.* at 16 ("In addition, state collateral cases on direct review from state courts are unaffected by the ruling in this case."). Accordingly, we are not obligated to follow *Martinez* in our state courts. And we choose not to.

*Johnson*, 162 Idaho at 228, 395 P.3d at 1261.

Contrary to Moore's arguments, neither *Shinn* nor *Martinez* provide a basis for his successive petition, a right to re-open state proceedings to submit additional evidence, or a window of time to file a successive petition that is otherwise untimely. Neither case affects the validity of *Murphy*. Moore's contention that *Murphy* should be or has been overruled is without merit. Moore has failed to demonstrate a sufficient reason for filing a successive petition under I.C. § 19-4908. The district court did not error in dismissing Moore's successive petition as untimely or granting the State's motion to strike his amended successive petition.

## III.

## CONCLUSION

The district court's judgment dismissing Moore's successive petition for post-conviction relief, and the district court's order striking Moore's amended successive petition are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.